IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 08-70701-M-13 |
| | § | |
| ERNESTO GONZALEZ, | § | |
|     Debtor | § | |
| | | |
| HARBOR CAPITAL, L.L.C | § | Adversary Proceeding |
| | § | No. 08-7047 |
| VS. | § | |
| | § | |
| ILP, L.L.C., ERNESTO GONZALEZ, | § | |
| and MARIA DEL ROSARIO | § | |
| GONZALEZ | § | |

**DEFENDANTS' MOTION TO DISSOLVE TEMPORARY INJUNCTION**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

1. Defendants file this Motion requesting that this Court dissolve the temporary injunction attached as Exhibit "1" alleging the requisites of a temporary injunction do not exist specifically the probably right to recovery, irreparable injury and the public interest consideration. Specifically, Plaintiff even after obtaining a temporary injunction in May, 2008 decided on its own to accept from Defendants in contravention of the initial temporary injunction order and did this for at least two months before the second request for temporary injunction was filed by Plaintiff.

2. Plaintiff's conduct after the issuance of the first temporary order flies in the face of the irreparable injury requirement since Plaintiff opted to accept monthly payments from Defendant again in spite of the rendition of the first temporary injunction order. There are substantial issues on whether Defendants are even behind on payments and Defendants submit that the state court did not even consider the public interest consideration in its decision.

F:\Bankruptcy\G\Gonzalez\Ernesto\Mtn to Dissolve TI2.rtf

3. Plaintiff filed the second temporary injunction request (the first temporary injunction order VOLUNTARILY DISMISSED BY PLAINTIFFS) and the law being clear that an applicant cannot request another temporary injunction unless "changed circumstances" exist and it is Defendants' belief that that no such "changed circumstances" existed to merit the granting the second temporary injunction.

4. Furthermore, to the extent there is any difference in the requisites of a temporary injunction in state court and federal court, since this case is now before this Court, this Court can apply the federal court precepts in the granting or denying of temporary injunction.

5. Defendants will be bringing in the manufacturer, Mark Andy along with the initial financier in this lawsuit.

6. Defendants have always contested they are not in arrears because the initial finance agreement did not require payments until the completion of the installation and technical services to Defendants were rendered and it is Defendants' position that the technical services were not complete until a date much after Plaintiff alleges. It is for this reason the manufacturer will be brought in this case.

7. For the foregoing reasons Defendants request that this Motion be granted and given the urgency of the deadline imposed by the Court today, Defendants request permission to file an amended Motion Requesting Dissolution of the Temporary Injunction.

Respectfully submitted,

**LAW OFFICE OF ANTONIO VILLEDA**
Attorney At Law
5414 North 10th Street
McAllen, Texas 78504

(956) 631-9100 Telephone
(956) 631-9146 Fax
E-Mail: avilleda@mybusinesslawyer.net


/s/Antonio Villeda
**ANTONIO VILLEDA**
State Bar No. 20585300
Litigation Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2008, a true and correct copy of the above and foregoing Defendants' Motion to Dissolve Injunction has been faxed to:

Mr. Christopher A. Funk -                    **Fax:   956-686-1276**
WALKER & TWENHAFEL, L.L.P.
2424 North 10th  #200
McAllen, Texas 78501
Attorney for Harbor Capital, LLC


Diann Bartek                                 **Via Fax (210) 266-8395**
Cox Smith Matthews, Inc.
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500
Attorney for Lone Star National Bank


/s/Antonio Villeda
**ANTONIO VILLEDA**

F:\Bankruptcy\G\Gonzalez\Ernesto\Mtn to Dissolve TI2.rtf